# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ-CORTEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case Nos. 3:11-cr-00287-DMS<br>3:21-cv-00057-DMS<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

On November 3, 2020, Defendant Pedro Rodriguez-Cortez filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 115.) Respondent filed a Response in Opposition to the motion. (ECF No. 118.) Petitioner filed a "Motion to Respond to the Government Opposition," which the Court construes as a reply brief. (ECF No. 121.) For the reasons discussed below, the Court **DENIES** the Motion.

## I.

## BACKGROUND

On January 25, 2011, Defendant was indicted for (1) attempted illegal entry after deportation, in violation of 8 U.S.C. § 1326, and (2) making a false claim to United States citizenship, in violation of 18 U.S.C. § 911. (ECF No. 8.) A jury found Defendant guilty of both offenses on July 27, 2011. (ECF No. 38.) The Court

then sentenced Defendant to (1) 77 months of imprisonment in the custody of the Federal Bureau of Prisons followed by three years of supervised release for attempted entry after deportation, and (2) 36 months of imprisonment followed by one-year of supervised release for making a false claim to citizenship. (ECF No. 42.) The sentences were set to run concurrently. (*Id.*) Judgment was entered on October 21, 2011. (ECF No. 43.)

Defendant filed a notice of appeal on April 13, 2012. (ECF Nos. 45, 46.) On October 18, 2012, the Ninth Circuit issued an order dismissing the appeal as untimely. (ECF No. 49.) Defendant also filed a second notice of appeal, which the Ninth Circuit construed as a motion for reconsideration and denied. (ECF No. 50.)

On December 17, 2012, Defendant also filed his first motion to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. § 2255. (ECF No. 51.) In the motion, Defendant argued that he was unlawfully restrained in violation of the Fourth Amendment, and that his attorney was ineffective for failing to timely appeal his conviction. (*Id.*) On January 2, 2013, the Court denied the motion as untimely. (ECF No. 53.) Defendant filed a notice of appeal on January 14, 2013. (ECF No. 54.) On March 13, 2014, the Ninth Circuit vacated the Court's order and remanded the matter for further proceedings to allow Defendant to present his position on the timeliness of his motion. (ECF No 58.) After Defendant submitted briefing on the issue, the Court again denied the motion as untimely and declined to grant Defendant a certificate of appealability. (ECF No. 72.)

On July 26, 2016, Defendant was released from prison. *United States v. Rodriguez-Cortez*, 16-cr-2834 (S.D. Cal. June 7, 2017), ECF No. 20, at 11. He was subsequently deported and removed to Mexico. *Id.* On November 13, 2016, while still serving his term of supervised release, Defendant was arrested for attempting to enter the United States. *Id.* at 1, 4. The Court issued an arrest warrant for Defendant on January 4, 2017, for failure to comply with the terms of his supervised release. (ECF Nos. 74, 75.)

On December 8, 2016, the government filed an information charging Defendant with unlawful reentry of a removed alien, in violation of 8 U.S.C. § 1326. *United States v. Rodriguez-Cortez*, 16-cr-2834 (S.D. Cal. Dec. 8, 2016), ECF No. 8. Defendant pled guilty to the information without a plea agreement on April 28, 2017. *Id.* ECF No. 35. In so doing, Defendant admitted to the factual basis for the plea—including that he is not a citizen of the United States. *Id.* at 5–6. Defendant further affirmed his understanding that he was not entitled to withdraw his plea or his admission to the factual basis for his guilty plea. *Id.* at 10.

On July 14, 2017, the Court sentenced Defendant to 84 months of imprisonment to be followed by two years of supervised release for his section 1326 violation. *Id.* ECF No. 26. The Court also revoked supervised release for Defendant's 2011 convictions and sentenced him to six months in custody for violating the terms of his supervised release, to run consecutively to his 84-month sentence. (ECF No. 90.)

Defendant appealed both sentences. (*See* ECF No. 95.) On January 24, 2018, the Ninth Circuit vacated Defendant's sentences and remanded the case for re-sentencing. (ECF No. 102.) On remand, the Court resentenced Defendant to 64 months in custody for the conviction arising from his 2016 arrest. *United States v. Rodriguez-Cortez*, 16-cr-2834 (S.D. Cal. April 6, 2018), ECF No. 51. The Court also resentenced Defendant to six months in custody for the conviction arising from his 2011 arrest, consecutive to his 64-month sentence. (ECF Nos. 108, 109.) On December 3, 2018, the Ninth Circuit affirmed both sentences. *United States v. Rodriguez-Cortez*, 744 Fed. App'x 431 (9th Cir. 2018).

On April 15, 2019, the Supreme Court of the United States denied Defendant's petition for a writ of certiorari. *Rodriguez-Cortez v. United States*, 139 S.Ct. 1584 (2019).

Finally, Defendant filed the instant motion in the Unites States District Court

for the Central District of California on November 3, 2020.[1] (ECF Nos. 115.) The motion was transferred to this Court on January 12, 2021. (ECF No. 115-1.)

## II.

## DISCUSSION

The government argues Defendant's motion is barred by AEDPA's statute of limitations. (ECF No. 118, at 10–11.) The AEDPA provides for a "1-year period of limitation," which runs from the date on which the judgment of conviction became final. *Id.* at § 2255(f)(1). Here, the judgment of conviction became final on April 15, 2019 when the United States Supreme Court denied Defendant's petition for a writ of certiorari. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (holding that "finality," for section 2255 purposes, shares the same definition of "finality" set forth in 28 U.S.C. § 2244(d)(1)); *see also Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001) (judgment becomes final under section 2244(d)(1) "by the conclusion of direct review by the highest court, including the United States Supreme Court"). As such, any motion for relief under section 2255 should have been filed by April 15, 2020. However, Defendant filed his motion on November 3, 2020, more than six months after the statutory deadline. Therefore, Defendant's motion is time barred unless he can show that some form of tolling applies to his case.

Defendant does not argue that his motion was timely filed. (*See* ECF No. 115, at 7.) Instead, Defendant argues that he is entitled to equitable tolling. (ECF No 121, at 3, 23.) Defendant asserts that he failed to file his appeal on time because he

---

[1] Under the prison mailbox rule, a habeas petition is deemed filed when a party hands the document over to prison authorities for mailing. *See Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also United States v. Winkles*, 795 F.3d 1134 (9th Cir. 2015 (applying the prison mailbox rule to motions filed pursuant to 28 U.S.C. § 2255). This letter was postmarked on November 3, 2020. (ECF No. 115, at 10.) Therefore, while the Clerk of the Central District stamped the motion as filed on November 6, 2020, it was properly filed on November 3, 2020.

lacked "knowledge of the statute of limitations." (*Id.* at 17.) A movant under section 2255 "is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010)). "The movant must show that the extraordinary circumstances were the cause of his untimeliness." *Id.* Generally, "the threshold necessary to trigger equitable tolling ... is very high." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). Here, Defendant makes no showing that he exercised diligence in pursuing his right to file the present motion. (*See generally* ECF Nos. 115, 121.) Furthermore, simple ignorance of the law, absent other extenuating factors such as language barrier or the unavailability of legal materials, is not an excuse for failing to timely file a motion under section 2255. *See Zambrano-Burgos v. United States*, 2021 WL 1056557, at *5 (S.D. Cal. 2021) (citing *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1046 (9th Cir. 2010), *Mendoza*, 449 F.3d at 1070). Accordingly, the Court finds that Defendant is not entitled to equitable tolling.

The Supreme Court has also recognized an actual innocence exception to the AEDPA's statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, … or, as in this case, expiration of the statute of limitations"). However, this exception only applies to "cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the movant]" in light of the new evidence. *Id.* at 395 (internal citations omitted). Here, Defendant does not provide the Court with any new evidence of his innocence, much less evidence that would have made it improbable for a jury to have convicted him. Instead, Defendant makes unsupported assertions that he is a United States citizen and that he did not commit the crimes underlying his conviction. (*See generally* ECF Nos. 115, 121.) As such, he is ineligible for the actual innocence

exception to the AEDPA's statute of limitations.

Because Defendant's motion was filed after the statutory deadline, and because Defendant has failed to demonstrate that he is eligible for equitable tolling or any other exception to the statute of limitations, the Court **DENIES** the motion as time barred.

**IT IS SO ORDERED.**

Dated: May 12, 2021

_____
Hon. Dana M. Sabraw
United States Chief District Judge